PROVIDENT INSTITUTION FOR SAVINGS *vs.* LOUIS W. BURNHAM.

Suffolk. March 4. — 5, 1880. ENDICOTT & SOULE, JJ., absent.

Under the St. of 1873, c. 44, providing that "no person shall serve as a traverse juror in the county of Suffolk more than thirty days at any term of court," it is no ground for a challenge to the array that, at the time it was made, more than thirty days had elapsed since the jurors had begun to serve, if during that time the court had been in session less than thirty days.

If a challenge to the array is made without legal ground, the fact that it is overruled without a replication thereto being filed affords no ground of exception.

At the trial of a writ of entry brought by a corporation, a witness testified that he was clerk of the demandant, and that two books which he produced were the records of the corporation kept by him, but these books were not otherwise offered in evidence. The demandant also put in evidence a mortgage deed of the demanded premises from a third person to itself, in which it was described as a corporation, and a subsequent deed executed by the tenant, which recited that the demandant was the holder of that mortgage, and in which he agreed to pay the mortgage debt to "said corporation." *Held,* that there was evidence of the corporate existence of the demandant.

Easements and restrictions cannot be recovered or enforced in a writ of entry, and need not be set forth therein.

By the Gen. Sts. c. 129, § 28, and c. 134, § 8, a real action is at issue when the plea is filed, and no formal joinder of issue by the demandant is necessary.

At the trial of a writ of entry, the judge instructed the jury, "that, as the tenant had shown no title other than naked possession, the demandant must show

that his title is better than the naked possession of the tenant, and need show nothing more than such better title to entitle him to recover the possession." *Held,* that the tenant had no ground of exception.

Under the Gen. Sts. *c.* 134, §§ 13, 14, the demandant in a writ of entry is entitled to recover rents and profits, although not specifically demanded in the writ.

On a writ of entry to foreclose a mortgage, if neither party moves for conditional judgment, judgment is to be entered in the common form, under the Gen. Sts. *c.* 140, § 4, and the demandant cannot recover money paid for insurance.

WRIT OF ENTRY, dated December 10, 1878, to recover a parcel of land in Boston, with an *ad damnum* of $12,000. The demandant, in its declaration, alleged that, "being seised of said premises in fee within twenty years now last past, it ought to be in quiet possession thereof, but the said tenant hath since unlawfully entered and holds the demandant out." Plea, *nul disseisin.* No replication or joinder of issue was filed.

The Superior Court, at April term 1879, came in on April 1, and on May 9, when this case was called for trial, had actually been in session twenty-eight days, and the same persons had been serving as jurors during all this time. The tenant interposed the following challenge to the array: "And now comes the said Louis W. Burnham, in his proper person, when the jury is about to be empanelled to try the issue in the above-entitled cause, and says that the said jury is an illegal jury, and each juror drawn is not a legal juryman, and not competent to serve otherwise, because more than thirty days have elapsed since said jury was first empanelled to try causes at this present term, and more than thirty consecutive days have elapsed since each and every juryman upon said panel entered upon the first day of his service at this term, and that each and every of said jurors has served more than thirty days this term, if the time of service is legally computed." No replication to this challenge was filed, nor was any suggestion made that issue had not been joined on the challenge, but it was immediately overruled by *Bacon,* J., upon its being read.

At the trial, one Brown testified that he was clerk of the plaintiff corporation, and that two books which he produced were the records of the corporation kept by him. These books were not otherwise offered in evidence; but no objection was made to them as not being in evidence until the motion for a nonsuit, as hereinafter mentioned; and they remained on the

witness stand during the trial, and were taken into the jury-room without the knowledge of the tenant.

The demandant put in evidence the following deeds: 1st. A mortgage deed dated July 8, 1871, with condition for the payment of $10,000 in five years, with interest, from Joseph Swallow to "the Provident Institution for Savings in the town of Boston, a corporation established by authority of the Commonwealth of Massachusetts," of the parcel of land described in the writ, "with all rights, easements, privileges and appurtenances to the same belonging, and subject to the restrictions set forth in the original deed from the Boston Water Power Company, recorded with Suffolk deeds, lib. 843, fol. 98." 2d. A deed from the tenant, dated April 2, 1877, reciting that "the Provident Institution for Savings in the town of Boston" is the holder of that mortgage (describing it), and that the tenant, being the owner of the equity of redemption, "has requested the said corporation" to grant further time for the payment of the mortgage debt; and that the "said corporation" has agreed to extend the time; and by which the tenant covenanted with the "said corporation" to pay the mortgage debt at the expiration of the extended term, together with accrued interest and any moneys paid by the "said corporation for taxes, insurance and other necessary charges on the mortgaged premises."

There was no other evidence that the demandant was a corporation, and no evidence as to the rights, easements, privileges, appurtenances and restrictions mentioned in the mortgage.

The tenant introduced no testimony, but rested his case upon the demandant's evidence, and asked the judge to direct a nonsuit for the following reasons: "The demandant has not proved a better title in itself. First. Because it has not shown or attempted to prove its own corporate existence. Second. Because the two books (about which the witness Brown was interrogated) were not themselves offered in evidence. Third. Because there is a fatal variance between the writ and declaration and the Swallow mortgage in the description of the property which is the subject of the action. Fourth. Because at the time the demandant closed its evidence and rested its case, it had not joined issue with the tenant." The judge overruled the motion for a nonsuit.

The tenant requested the following instruction to the jury: "The demandant is not entitled in this case to recover for the rent of said premises of the tenant, nor for any taxes or insurance paid by the demandant, if any, because there are no allegations in the demandant's writ and declaration to base any such claim upon." The judge declined to give this instruction; "but gave one of an opposite character; and told the jury not to include any taxes, because they were paid before entry for foreclosure; and further instructed them that, as the tenant had shown no title other than naked possession, the demandant must show that his title is better than the naked possession of the tenant, and need show nothing more than such better title to entitle him to recover the possession."

The jury returned a verdict for the demandant, and assessed damages in the sum of $360.82; and "to all the rulings and action of the court as to the challenge to the array, to the motion for nonsuit, to the instruction prayed for, to the instructions actually given, and to the action as to the two books aforesaid," the tenant alleged exceptions.

*P. H. Hutchinson*, for the tenant.

*F. C. Welch*, for the demandant, was heard on the question of damages only.

GRAY, C. J. 1. By the St. of 1873, *c.* 44, it is enacted that "no person shall serve as a traverse juror in the county of Suffolk more than thirty days at any one term of court, unless for the purpose of finishing a case commenced within that time." The "thirty days" here intended are manifestly days on which the court is in session, and on which jurors may be called upon to serve. Upon the facts stated in the bill of exceptions, therefore, the challenge to the array set forth no legal ground of objection to the jury, and the tenant suffered no prejudice by the summary and informal manner in which it was overruled.

2. There was evidence of the corporate existence of the demandant; 1st. In the books of records produced by its clerk and proved by his testimony; and 2d. In the description of the demandant as a corporation in the mortgage referred to and affirmed in the deed executed by the tenant himself. *Worcester Medical Institution* v. *Harding*, 11 Cush. 285. *Williamsburg Ins. Co.* v. *Frothingham*, 122 Mass. 391.

3. There was no variance in the description of the property demanded. Easements and restrictions cannot be recovered or enforced, and need not be set forth, in a writ of entry. Stearns on Real Actions, 150. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 104 Mass. 1. The objection made at the argument, that the demandant had not alleged his seisin to be in mortgage, was not taken at the trial, when it might have been cured by amendment, if necessary.

4. By the practice act, the case was at issue when the plea was filed, and no formal joinder of issue by the demandant was needed. Gen. Sts. *c.* 129, § 28; *c.* 134, § 8.

5. The instruction as to the proof of title was all that the case required. Gen. Sts. *c.* 134, § 7. There does not appear to have been any evidence or pretence of title in the tenant.

6. The instruction as to rent was correct. Under the statutes of the Commonwealth, the demandant in a writ of entry is entitled to recover rents and profits, although not specifically demanded in the writ. Gen. Sts. *c.* 134, §§ 13, 14. *Raymond* v. *Andrews*, 6 Cush. 265, 268.

7. But neither party having moved for conditional judgment, judgment was to be entered in the common form, and the demandant could not recover for insurance. Gen. Sts. *c.* 140, § 4. As the instructions given allowed the demandant to recover for insurance, the tenant's exceptions must be sustained and a new trial granted as to damages only, unless the demandant (as was intimated at the argument) elects to remit all damages and take judgment for possession of the land, in which case the entry will be *Exceptions overruled.*

Upon the delivery of this opinion, the demandant elected to remit all damages, and judgment was entered accordingly.