MARY N. PETTINGELL & others *vs.* EBEN M. BOYNTON.

Essex.   Nov. 5, 1884. — May 8, 1885.   FIELD, C. ALLEN, & COLBURN, JJ., absent.

To a writ of entry in 1882, the tenant filed a disclaimer to so much of the demanded premises as lies southward of the old channel of a certain river, namely, "where said river was in 1840, and previous to the formation of the present or new channel." There was no evidence that there was anything to indicate where the channel was before 1840. *Held*, that the disclaimer was too uncertain and vague to have any effect.

A testator, by his will, expressed his wish that a certain island should "be kept for the benefit of my children," the income to be divided among them, "to them and their heirs; and I do hereby request and order that my executors have the care of the same, and collect and pay over the rent to my said children, all the rents and income to be equally divided between them, and if hereafter my said children should think best to sell and dispose of said island, they may have the right to do so, — the proceeds to be equally divided." *Held*, that the fee of the island was in the children, and not in the executors; and that the children could maintain a writ of entry to recover possession of it.

At the trial of a writ of entry, a quitclaim deed, more than thirty years old, of the land in question to the demandant's father, signed by persons purporting to be agents for the freeholders and proprietors of common and undivided lands in

the town where the demanded premises are situated, accompanied by evidence that the grantee entered under the deed, and was in possession of the land, is admissible in evidence, even if the deed did not convey title.

At the trial of a writ of entry to recover possession of an island, there was evidence that, for more than twenty years, the demandant and his ancestor had sold sand and drift-wood from the island; that they had made leases of cottage rights, and had conveyed one parcel in fee. *Held,* that the evidence was sufficient to establish a title against one who was a mere intruder.

A tenant in a writ of entry, who is a mere intruder, is not entitled to an instruction that the demandant must show a perfect title.

WRIT OF ENTRY, dated August 1, 1882, to recover that portion of Plum Island which lies in Newbury and Newburyport. Plea, *nul disseisin.* The tenant also filed a disclaimer as to so much of the demanded premises as lies " southward of the old channel of the Merrimack River, viz.: where said river was in 1840, and previous to the formation of the present or new channel." Trial in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows:

There was no evidence that there was anything to indicate the location of the channel before 1840. The judge ruled, at the request of the demandants, that the disclaimer was too vague and uncertain to have any effect.

The demandants claimed under the will of Moses Pettingell, who died in 1874, and under certain subsequent conveyances. The will contained this bequest: " Plum Island, and all my interest therein, I wish to be kept for the benefit of my children, . . . . the income thereof to be equally divided to Andrew H. Pettingell, Caroline P. Johnson, and Hannah O. Pettingell, to them and their heirs; and I do hereby request and order that my executors have the care of the same, and collect and pay over the rent to my said children herein named; all the rents and income to be equally divided between them, and if hereafter my said children herein named should think best to sell and dispose of said island, they may have the right to do so, — the proceeds to be equally divided."

Hannah O. Pettingell is the widow of a deceased son of said Moses, and Andrew H. Pettingell's interest has been conveyed to the demandant Mary N. Pettingell.

Said Andrew H. Pettingell and Charles H. Ireland were appointed and duly qualified as executors of said will, and, since the decease of said Moses, in 1874, said Ireland has had the

sole care and control of the property, and has collected all the income thereof.

The tenant objected to the admission of said will, and contended that the clause above quoted gave the legal estate to the executors, and that this action could not be maintained. But the judge ruled that the devisees named in said clause took the fee, and admitted the will in evidence.

The demandants also offered in evidence a quitclaim deed of Josiah Little, Daniel Adams, 3d, and Anthony Davenport, describing themselves as "agents for the Freeholders and Proprietors of Common and Undivided Lands in Newbury, West Newbury, and Newburyport," to Moses Pettingell, of the right, title, &c. of said freeholders and proprietors, "in and to all that part of Plum Island lying and situate in said town of Newbury, containing twelve hundred acres, the same more or less." The *in testimonium* clause was as follows: "In testimony whereof we have in our said capacity hereto set our hands and seals;" and the deed was signed by the grantors in their individual names, and was acknowledged by them to be "their free act and deed."

Annexed to the deed was a copy of a vote of said proprietors, dated December 29, 1827, as follows: "Voted that the standing committee of the proprietors, consisting of Daniel Adams, 3d, Esq., Mr. Anthony Davenport, and Josiah Little, Esq., be instructed to make sale of all the lands belonging to said proprietors in the town of Newbury at public auction, before the first day of November next, and in such parcels as they judge most for the interest of the proprietors."

The demandants offered to prove that Moses entered under said deed, and was in possession from the date thereof until his death. The tenant objected to said deed, but the judge admitted it.

The demandants further claimed title by prescription, and offered evidence tending to prove that said Moses, during his lifetime, and said executors since his decease, had sold sand from said island more or less every year, and also had sold driftwood therefrom; that such sales began in 1837 or thereabout, and had continued down to 1881; that they had made many leases of cottage rights on said island. They put in evidence

a lease from said Moses to one Torrey, dated in 1873, and a deed from these demandants to the United States of a parcel of land on said island for a life-saving station. They also offered evidence tending to prove that said Moses had exercised these and similar acts of ownership, without intermission, from the date of his said deed, and that from that date down to 1881 no other person had ever claimed any right or interest, or exercised any acts of ownership, over the demanded premises.

No evidence, documentary or otherwise, was offered by the tenant, who asked the judge to rule that this action could not be maintained, because the deed from the proprietors conveyed no title to Moses Pettingell, and because the evidence offered on the question of prescriptive title was not sufficient to warrant the jury in finding that Moses Pettingell or these demandants had acquired such a title. The judge refused so to rule, but submitted the whole question to the jury, and instructed them that, if they found that Moses Pettingell entered under said deed, and continued in possession, claiming title, for more than twenty years consecutively, then, as the tenant had shown no title whatever, their verdict should be for the demandants.

The tenant also requested the judge to instruct the jury that the demandants must show a perfect title; but the judge refused so to rule, and instructed the jury that, if they had shown a good title as against the tenant, they were entitled to a verdict.

The jury returned a verdict for the demandants; and the tenant alleged exceptions.

*D. L. Withington & H. I. Bartlett*, for the tenant.

*C. P. Thompson & G. B. Ives*, for the demandants.

DEVENS, J. In filing a partial disclaimer of land demanded, it is necessary for a tenant to describe that portion to which he disclaims title with the same particularity that is required of a demandant in his declaration, who must make his description of the land demanded so certain that seisin thereof may be delivered by the sheriff without reference to any description dehors the writ. A reference to deeds not set forth, which would be sufficient in a conveyance of land, will not constitute such a description. *Atwood* v. *Atwood*, 22 Pick. 283. *Riley* v. *Smith*, 9 Allen, 370. The presiding judge correctly ruled that the description of the land disclaimed was too vague and uncertain.

The demandants claimed under the will of Moses Pettingell, and under certain conveyances subsequent thereto, by which they had become entitled to the estate devised by his will. This will devised the income of the estate there described, which is the same as that demanded, and is known as Plum Island, to three persons there named, whom he styles his children, although one was the widow of a deceased son, requests his executors to have the care of the same, to collect the rents and income thereof, and equally divide the same between his children named, and adds, " if hereafter my said children herein named should think best to sell and dispose of said island, they may have the right to do so, — the proceeds to be equally divided."

Since the decease of Moses Pettingell one of the executors has had the sole care and control of the property, and has collected the income thereof, but the demandants have sold a parcel thereof.

The tenant objected to the admission of the will, and contended that the clause in question gave the legal estate in the land devised to the executors as trustees, and therefore that the demandants could not maintain the action. The court correctly ruled otherwise. Although the clause in question commences by stating, " Plum Island, and all my interest therein, I wish to be kept for the benefit of my children," and this is afterwards followed by a request to his executors to collect the rents and income, and pay the same to his children named, yet the next clause, authorizing his children to dispose of the island at their own discretion, dividing the proceeds equally, gives to them the estate in fee, as they alone can give a title to the premises. While, as a general rule, a trustee takes such an estate as is necessary for the purposes of his trust, he takes no more than is sufficient to answer those purposes. *Fay* v. *Taft*, 12 Cush. 448. *Brewer* v. *Stevens*, 13 Allen, 346. If the request in the will is construed as creating a trust in the executors to take care of the estate, and collect the income, it is only for so long a period as the *cestuis que trust* shall refrain from selling it. The executors have therefore no estate in fee. That belongs to those persons who might at any time sell the estate, and terminate the trust.

The acts of possession done by the demandants' ancestor, Moses Pettingell, and by the executors of his will, who, in

obedience to its request, had taken care of the property and exercised certain acts of ownership thereon, and similar acts done by the demandants themselves, were properly admitted, as well as the deed from the proprietors of common lands to Moses Pettingell, in 1827, of the premises demanded.

The deed was more than thirty years old. It came from the proper custody, the children of the grantee, and, following the instructions of the court, it must have been found that under this Moses Pettingell had asserted title. Even if the deed failed to convey title, an adverse possession maintained under it sufficiently long would give title as against every one. The instruction to the jury, that if Moses Pettingell entered under said deed, and continued in possession, claiming title thereunder for more than twenty years consecutively, then, as the tenant had shown no title whatever, their verdict should be for the demandants, was indeed more favorable to the tenant than he had a right to ask, as it required of the demandants to show an entry, and a possession of more than twenty years. Whether the acts done by Moses Pettingell and those claiming under him were such as would oust the true owner, or whether, if of such a character, they had been continued for more than twenty years consecutively or not, they were certainly sufficient to create a possessory title which was good against a mere intruder, without pretence of title. The ruling requested, that the demandants must show a perfect title, was entirely erroneous. There may be a possessory title, the holder of which may be treated by the true owner as a tortfeasor, which will avail such holder in maintaining an action of trespass or a writ of entry against a stranger for a disturbance of his own possession. Possession under a claim of right constitutes legal seisin, which will avail against every one not having an older and better title. Even if it had been shown that the possession of the demandants was not that of the true owner, as there may be a possession perfectly legal and valid against one, and yet wholly insufficient as against another, it was proper to instruct the jury upon this point that, if the demandants had shown a good title as against the tenant, they were entitled to recover. *Provident Institution for Savings* v. *Burnham,* 128 Mass. 458. *Perry* v. *Weeks,* 137 Mass. 584, and cases cited. *Exceptions overruled.*