## ONO IUKO *vs.* R. W. HOLT.

### SUBMISSION.

HEARING, APRIL 3, 1893.                    DECISION, MAY 30, 1893.

BICKERTON AND FREAR, JJ., AND A. S. HARTWELL, ACTING JUSTICE.

(Chief Justice Judd being disqualified by reason of his holding land under the same title, A. S. Hartwell, of the Bar, acting Justice, sat in his stead, in accordance with the provisions of Section 56 of Chapter LVII of the Laws of 1892.)

A devise and bequest of all the testator's property to "my daughter and her heirs, the same to be held in trust, however, by my executors during the natural life of my said daughter, and the same is to be managed and controlled by them for her use and benefit, they accounting for and paying over to her the income from the same upon her reasonable request, and upon her decease, in case she has not during her lifetime disposed of the said estate by will or otherwise, it is my will that my executors shall distribute the said estate

and any increase thereof among the legal heirs of my said daugh-
ter," gives to the daughter the fee in the testator's real estate and
absolute ownership of his personal estate.

### OPINION OF THE COURT, BY MR. HARTWELL.

The following is the statement of facts agreed:

"George Wood died in Honolulu in the year 1867, having
before death made and executed his last will and testament,
which will has been duly admitted to probate by the Su-
preme Court, a copy of which is hereto annexed and made a
part hereof.

"The fifth clause or item of said will is as follows:

"'Subject to my debts and the legacies hereinbefore grant-
ed with which I first charge my estate, I give and bequeath
all my property, both real and personal and mixed, to my be-
loved daughter, Eliza Vincent Wood, and her heirs, the same
to be held in trust, however, by my executors herein pro-
vided for during the natural life of my said daughter, and the
same is to be managed and controlled by them for her use
and benefit, they accounting for and paying over to her the
income from the same upon her reasonable request; and
upon her decease, in case she has not during her lifetime dis-
posed of the said estate by will or otherwise, it is my will
that my executors shall distribute the said estate and any
increase thereof among the legal heirs of my said daughter,
according to the law then existing for the distribution of
estates of intestates.'

"The sixth clause or item of said will is as follows:

"'I ordain and appoint Captain Benjamin F. Snow and
Charles R. Bishop of Honolulu executors of this my last will
and testament and guardians of the person and property of
my daughter, Eliza Vincent Wood, and in case of their
decease or refusal to take the trust, whosoever the Court of
Probate shall appoint to execute this will shall be and is
hereby vested with all of the powers and rights granted by
this will to my executors named by me, and it is my will and
the persons hereby appointed my executors and guardians of

my daughter or whoever may be appointed to fill their places as however provided shall during the natural life of my said daughter hold my entire estate, real, personal and mixed, in trust, and manage and control the same for the best interest of the legatees hereinbefore named, and out of the income of the same pay the legacies and bequests as hereinbefore provided, and that upon the decease of my daughter, unless she has by will or otherwise disposed of her interest in my estate as granted by this will, to distribute the same among the legal heirs of my daughter, according to the law then existing for the distribution of intestate estates, subject to any charge upon the same then existing to pay the annuities or allowances provided for in this will.'

" The said Eliza Vincent Wood afterwards intermarried with one W. M. Austin, who died leaving him surviving the said Eliza Vincent Austin; that no issue were born of said marriage.

" That after the death of said W. M. Austin, his said widow intermarried with the said R. W. Holt, and that on the — day of December, 1891, the said Eliza Vincent Holt died leaving no issue her surviving nor having had issue by said R. W. Holt; that the said Eliza Vincent Holt, before her death, made and executed her last will and testament, which will has been duly admitted to probate, a copy whereof is hereto annexed and made a part hereof.

" That under the said last will and testament the whole of the estate of said Eliza Vincent Holt was devised to her said husband, R. W. Holt.

" That the said Ono Iuko is a brother of the said Eliza Vincent Holt, and that she left no other heir at law her surviving, excepting her said husband and her said brother.

" That all the annuitants mentioned in the will of said George Wood are dead.

" The question in difference between the said Ono Iuko and the said R. W. Holt, is as follows:

" What if any estate does the said Ono Iuko take, being a brother of said Eliza Vincent Holt, under and by virtue of the

terms and conditions of the last will and testament of the said George Wood, the said Eliza Vincent Holt having made and executed in her lifetime a last will and testament, which has been duly admitted to probate."

It is unnecessary to set forth the copies of the wills above mentioned.

It seems to us that the will gives to the daughter the fee in the testator's real estate and the absolute ownership of his personal estate. The words of the will are, "I give and bequeath all my property to my daughter and her heirs." The provision that the property be held, managed and controlled by the executors does not require the executors to hold the fee or legal title. "That belongs to those persons who might at any time sell the estate and terminate the trust." Per Cur. *Pettingill vs. Boynton,* 139 Mass., 248.

In the leading case cited by the plaintiff, *Miller's Admr. vs. Potterfield,* 86 Va., 876 (19 Am. St., 919), there were no words in the will which gave more than a life estate to the widow, and it was held that a devise over of "all property remaining unused" did not "import absolute ownership" in the widow.

So in the ably considered case of *Burleigh vs. Clough,* 52 N. H., 267, only a life estate was expressly given. In none of the cases cited by the plaintiff are there apt words in the will giving, more than a life estate.

*Thrall vs. Spear,* 63 Vt., 266, goes further than the cases above cited, but it was only a life estate which was given in that case.

A devise in fee may be restricted to a life estate, but this can only be done by language which clearly means or implies such result. There is no such language in this will.

The plaintiff could not have a remainder grafted on a fee, nor could he take a fee by way of executory devise or conditional limitation, for that is an estate which the first taker cannot defeat.

The executors are not required to hold the testator's property for the purpose of paying other charges. If the

daughter had exercised the power of sale which is clearly implied, the purchaser would have bought subject to the rights of the annuitants while they were alive. The agreed facts state that the annuitants are now dead. There were and are no acts required of the executors in respect of the property except that it "be held in trust" during the daughter's lifetime, and "managed and controlled by them for her use and benefit, they accounting for and paying over to her the income from the same upon her reasonable request, and upon her decease in case she has not during her lifetime disposed of the said estate by will or otherwise," to "distribute the said estate and any increase thereof among the lawful heirs of my said daughter."

There is nothing to be done by the executors which requires them to have the legal estate any more than a guardian is required to have the legal estate which he holds, manages and controls for the benefit of his ward.

In this view it is immaterial whether the daughter exercised her power of appointment in accordance with common law requirements, the property having been devised to her absolutely, and no restriction being placed by the will upon her absolute ownership.

The daughter's will was evidently not meant to be under a power of appointment, nor, in order to bar the plaintiff from taking, need it be under such power. If she was the owner, she could exercise her rights without reference to any power of disposal supposed to be implied by the language of the testator.

*C. W. Ashford*, for plaintiff.
*Cecil Brown*, for defendant.