HORACE WHITE *vs.* GEORGE ANDREWS.

Washington.    Opinion November 19, 1920.

*Motion for a new trial upon newly discovered evidence.    Evidence restricted to the allegations of the motion, to the exclusion of rebutting evidence.*

No question of law arises in this case.   The action is based upon the alienation of the affections of the plaintiff's wife by the defendant.   The declaration contains two counts, the first based upon a charge of criminal conversation; the second upon the allegation of enticement, whereby the plaintiff lost the affection and society of his wife.

The case comes up on a general motion and a motion upon newly discovered evidence.   The newly discovered evidence comes within the rule authorizing the taking and use of such evidence.   It will serve no useful purpose to analyze either the original or new evidence.   The new evidence, however, if found to be true, considered in connection with the old, shows that the original case was saturated with fraud.   A son, Delvin White, and a material witness for the plaintiff has made an affidavit that the evidence he gave at the trial was not only false but procured by the fraud of the plaintiff and others.   This confession by the affiant is corroborated by several witnesses who say, that prior to his affidavit, he admitted to them he had falsely testified.   In other words his affidavit was but a reiteration of what several witnesses testified he had told them.

George White, another son, and material witness, was also contradicted by several witnesses, in the new evidence, who testify that he said he had testified falsely at the trial, and at the behest of his father, the plaintiff, and others.

If the affidavit of Delvin White should be found by a jury to be supported by a preponderance of the evidence, it would result as a corollary that the plaintiff was guilty of both duress and subornation of perjury in the prosecution of his case at nisi.   If so, there can be no doubt of the probability that a different verdict might be rendered at a new trial.   *Palmer* v. *Railway*, 92 Maine, 399.

In this case the plaintiff and his witnesses whose testimony, in the trial at nisi, had been contradicted by the newly discovered evidence were permitted to testify.   Such evidence is inadmissible and cannot be considered.   R. S., Chap. 87, Sec. 57, contains the only authority for a motion based on newly discovered evidence.   The part pertinent to such a case reads as follows:—

"When the motion is founded on an alleged cause not shown by the evidence reported, the testimony respecting the allegations of the motion, shall be heard

and reported by the Justice, and the case shall be marked 'law'." By this statute the only evidence to be heard and reported is upon "the allegations of the motion."

Accordingly the rebutting evidence in this case has not been considered in the deliberation of the court. That evidence will first be in order at a new trial.

On motion. This is an action to recover damages for alleged alienation of the affections of the plaintiff's wife by the defendant. The declaration contained two counts, the first charging criminal conversation, and the second alleging enticement. The jury returned a verdict for plaintiff. Defendant filed a general motion for a new trial, and also filed a motion for a new trial alleging newly discovered evidence. Motion sustained. New trial granted.

Case stated in the opinion.

*H. J. Dudley,* for plaintiff.

*R. J. McGarrigle,* for defendant.

Sitting: Cornish, C. J., Spear, Hanson, Dunn, Morrill, Deasy, JJ.

Spear, J. No question of law arises in this case. The action is based upon the alienation of the affections of the plaintiff's wife by the defendant. The declaration contains two counts, the first based upon a charge of criminal conversation; the second upon the allegation of enticement, whereby the plaintiff lost the affection and society of his wife.

The case comes up on a general motion and a motion upon newly discovered evidence. The newly discovered evidence comes within the rule authorizing the taking and use of such evidence. It will serve no useful purpose to analyze either the original or new evidence. The new evidence, however, if found to be true, considered in connection with the old, shows that the original case was saturated with fraud. A son, Delvin White, and a material witness for the plaintiff has made an affidavit that the evidence he gave at the trial was not only false but procured by the fraud of the plaintiff and others. This confession by the affiant is corroborated by several witnesses who say, that prior to his affidavit, he admitted to them he had falsely testified. In other words his affidavit was but a reiteration of what several witnesses testified he had told them.

George White, another son, and material witness, was also contradicted by several witnesses, in the new evidence, who testify that he said he had testified falsely at the trial, and at the behest of his father, the plaintiff, and others.

If the affidavit of Delvin White should be found by a jury to be supported by a preponderance of the evidence, it would result as a corollary that the plaintiff was guilty of both duress and subornation of perjury in the prosecution of his case at nisi. If so, there can be no doubt of the probability that a different verdict might be rendered at a new trial. *Palmer* v. *Railway*, 92 Maine, 399.

In this case the plaintiff and his witnesses whose testimony, in the trial at nisi, had been contradicted by the newly discovered evidence were permitted to testify. Such evidence is inadmissible and cannot be considered. R. S., Chap. 87, Sec. 57, contains the only authority for a motion based on newly discovered evidence. The part pertinent to such a case reads as follows:—"When the motion is founded on any alleged cause not shown by the evidence reported, the testimony respecting the allegations of the motion, shall be heard and reported by the Justice, and the case shall be marked 'law'." By this statute the only evidence to be heard and reported is upon "the allegations of the motion."

Accordingly the rebutting evidence in this case has not been considered in the deliberation of the court. That evidence will first be in order at a new trial.

*Motion sustained.*
*New trial granted.*