EDITH N. ROGERS *vs.* BIDDEFORD & SACO COAL CO.

York.      Opinion, November 9, 1940.

*John P. Deering,*
*William H. Stone,* for plaintiff.
*Willard & Willard,*
*Louis B. Lausier,* for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

THAXTER, J.    This is a real action which was tried before a jury. After a verdict for the defendant it is brought before this court by the plaintiff on a bill of exceptions.

It concerns a twenty-foot strip of land lying between lots owned by the plaintiff on the south and by the defendant on the north. The plaintiff alleges that she was lawfully seized in fee of the premises within twenty years and that the defendant illegally entered and disseized her. The plea is the general issue with a brief statement setting up a prior judgment. The presiding justice decided this issue of *res adjudicata* in favor of the plaintiff and ruled that she had made out a prima facie title by the deeds which she had offered in evidence. The only question submitted to the jury was whether the defendant had gained title by adverse possession. This issue the jury found in favor of the defendant and this finding is not challenged here either by exceptions or by a general motion.

The exceptions which are before this court relate to two distinct matters. The exception which we shall consider first was taken to the refusal of the presiding justice to grant a special motion for a new trial addressed to him based on an alleged disqualification of a juror.

Except where there is a statute applicable to a special case, as in R. S. 1930, Chap. 96, Sec. 111, the authority of a justice of the Superior Court on motion to set aside a verdict and grant a new trial in a civil action is now governed by the provisions of R. S. 1930, Chap. 96, Secs. 59 and 60 as amended by P. L. 1939, Chap. 66. See *White* v. *Andrews*, 119 Me., 414, 416, 111 A., 581. It is pointed out in *Brown* v. *Moore*, 79 Me., 216, 9 A., 355, that the legislature has restricted the inherent power of the trial judge in this respect. It is clear from the provisions of sections 59 and 60 that he can act only when the motion is based on an alleged cause shown by the evidence presented at the trial. In all other cases except as above noted the motion comes to the Law Court for determination at first-hand. See *State* v. *Dodge*, 124 Me., 243, 246, 127 A., 899. In the case now before us the motion, since it was not founded on an alleged cause shown by the evidence presented at the trial, was improperly presented to the trial judge. Exceptions do not lie to the overruling of it.

The plaintiff also excepted to the refusal of the presiding justice

to give a requested instruction. This instruction was to the effect that under the provisions of the deed from Page to McMullen, from whom through various conveyances the plaintiff derived her title, a common passageway or easement twenty feet in width and extending from the northwesterly corner of lot 13 on said Page's Plan to the Atlantic Ocean was created for the benefit of the owners of the land lying on each side thereof and that "this common passageway or easement is now owned in common by the plaintiff and the defendant." This is the land which the plaintiff in her declaration claimed that she owned in fee. The presiding justice had previously ruled that the plaintiff did not have such an easement. It is not altogether clear whether an exception was taken to such previous ruling but in the view which we take of this case it is immaterial whether there was or not.

It is settled law in this jurisdiction that a plaintiff cannot recover in a real action without proving the title to the premises as alleged in the declaration. *Hamilton* v. *Wentworth*, 58 Me., 101; *Rawson* v. *Taylor*, 57 Me., 343; *Stetson* v. *Grant*, 102 Me., 222, 66 A., 480; *Stutz* v. *Martin*, 132 Me., 126, 167 A., 861; R. S. 1930, Chap. 118, Sec. 8. The plaintiff alleged in her declaration that she had an estate of fee simple in the premises and she could not have recovered by showing that she had an easement. The requested instruction was therefore properly refused.

But there is a more comprehensive reason for overruling the exceptions. An easement is an incorporeal right not capable of seizin. See *Hicks Bros.* v. *Swift Creek Mill Co.*, 133 Ala., 411, 418, 31 So., 947; *Gray* v. *City of Cambridge*, 189 Mass., 405, 415, 76 N. E., 195. How then could the plaintiff be disseized? The purpose of a real action is to recover possession of land. It is not a proper remedy for one who seeks to recover for the disturbance of the enjoyment of an easement. Such is the well-established rule of law. *Provident Institution for Savings* v. *Burnham*, 128 Mass., 458; *Callaway* v. *Forest Park Highlands Co.*, 113 Md., 1, 77 A., 141; *Wood* v. *Truckee Turnpike Co.*, 24 Cal., 474; *Child* v. *Chappel*, 9 N. Y., 246; *Smith* v. *Wiggin*, 48 N. H., 105; 7 Enc., Pl. & Pr. 276; 17 Am. Jur. 925; 20 C. J., 1282. See also *LeBlond* v. *Town of Peshtigo*, 140 Wis., 604, 610, 123 N. W., 157.

Since the plaintiff could not have recovered even if she had had an easement, there could have been no prejudicial error in the refusal of the trial judge to charge that she had one.

*Exceptions overruled.*

BARNES, C. J., having retired, did not join in this opinion.