## NORTHERN UTILITIES, INC.
### v.
## CITY OF SOUTH PORTLAND and Toys "R" Us, Inc.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1987.
Decided Feb. 2, 1988.

Caspar F. Cowan, Peggy L. McGehee (orally), Perkins, Thompson, Hinckly & Keddy, Portland, for plaintiff.

Steven C. Fletcher (orally), South Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The Defendant, City of South Portland ("the City") appeals from a declaratory judgment rendered by the Superior Court (Cumberland County) after a two day trial before the court without a jury, declaring that an easement owned by Northern Utilities, Inc. ("Northern") prohibited the City from requiring Toys "R" Us to build a sidewalk over an underground pipeline on Northern's easement.

In 1982 Northern acquired an easement on private land to protect a natural gas transmission pipeline running beside the Maine Mall Road in South Portland.[1] The pipeline was buried three to six feet underground. The easement on which the pipeline was located consisted of a ten foot

---

1. The deed reads, in pertinent part:

The grantor reserves, subject to the rights, privileges and authority herein granted, the right to use the said premises as a means of access, ingress and egress to and from the land adjoining, to build cross fences, to maintain and use roads, driveways, sewers, drains, waterlines, gas lines, telephone and telegraph lines and electric light and power lines across said easement, subject, however, to the conditions that no building or other structure shall be erected above ground level contrary to any statute, law, ordinance or governmental safety regulation by the Grantor and further provided that rights reserved to the Grantor shall not be used or exercised in any manner which will interfere with the rights, privileges and authority herein granted to the Grantee and further provided, however, that the Grantee shall have the right from time to time to cut and remove and keep removed by such means as the Grantee may select all trees, undergrowth and all other obstructions that may injure, endanger or interfere with the laying, relaying, constructing, maintaining, operating, altering, repairing, removing, relocating, changing the size of and replacing said pipelines or fittings and appliances appurtenant to said lines.

wide strip of land alongside the road. In early 1986, Toys "R" Us, the corporation that had bought the land on which Northern's easement was situated, sought permission from the South Portland Planning Board to build a Kids "R" Us store on the property. The Board conditionally approved the request. As a condition of approval, the Board required Toys "R" Us to build a sidewalk along its property that bordered the Maine Mall Road. The planned sidewalk was located directly on Northern's easement and would impede access to its pipeline. During the summer of 1986 Northern notified the Planning Board that it objected to the placement of the sidewalk over the easement. Northern's position was, and is, that the sidewalk would interfere with Northern's use of its easement and that the terms of the easement prohibited the construction of the sidewalk.

When negotiations between the Planning Board and Northern failed to resolve their conflict, Northern filed a three count complaint in Superior Court against the City and Toys "R" Us.[2] Count I sought a declaratory judgment to determine the rights of the parties pursuant to 14 M.R.S.A. § 5954 or § 5957 (1980); Count II sought a permanent injunction against the defendants preventing them from constructing a sidewalk on Northern's easement; Count III sought review under M.R.Civ.P. 80B of the Board's decision requiring Toys "R" Us to build the sidewalk.[3]

A hearing was held on Counts I and II of the complaint. Northern called its gas main distribution manager as a witness. He testified that the presence of a sidewalk would significantly inconvenience Northern when access to the pipeline was required for maintenance and repair work. Northern also called an attorney who had advised Northern at the time the language contained in the easement was formulated. The attorney testified that Northern's intent in using this easement language was

to prevent obstructions such as sidewalks from being placed atop the easement.

The court interpreted the easement language to prohibit construction of a sidewalk on the easement. It "granted" Northern's complaint on the declaratory judgment count but found an injunction to be unnecessary, since all of the parties had agreed to abide by the court's decision.

## Discussion

On appeal, the City challenges the hearing justice's interpretation of the easement deed. Essentially, the City argues that since the deed does not expressly or impliedly prohibit sidewalks, the proposed sidewalk is permissible under the language of the deed. The City argues further that because the deed gave the grantor the right to use the easement "as a means of access, ingress and egress to and from the land adjoining," this suggests that a sidewalk running the length of the easement is allowed as a means of access to and from land adjoining the grantor's property.

The construction of language in an easement deed by a lower court is a question of law that we independently review. *First Hartford Corp. v. Kennebec Water District*, 490 A.2d 1209, 1211 (Me. 1985); *Reed v. A.C. McLoon & Co.*, 311 A.2d 548, 551 (Me.1973). The intention of the parties, as expressed in the instrument, governs the interpretation of a deed. *First Hartford Corp.*, 490 A.2d at 1211; *Cushing v. State*, 434 A.2d 486, 494 (Me.1981). If the language of a deed is ambiguous, a court may consider extrinsic evidence to determine the intent of the parties. *First Hartford Corp.*, 490 A.2d at 1211.

We find the easement deed to be ambiguous; in order to ascertain the intent of the parties, we interpret the deed's language in the context of the circumstances under which it was drafted. In so doing, we draw reasonable inferences from the language employed. The deed uses words such as "cross fences" and "across" and

**2.** Toys "R" Us did not participate in this appeal.

**3.** In order to facilitate this appeal, the parties agreed to a dismissal without prejudice of

Northern's Rule 80B count, pursuant to M.R. Civ.P. 41(a)(1).

expressly permits the grantor to *cross* the easement in a wide variety of circumstances. We conclude that the reserved right to *cross* the easement does not imply that the grantor is permitted to build structures *along* the easement so as to allow a sidewalk to be constructed lengthwise over the pipeline. The meaning of "across" is plainly different from "along"[4], and we must assume that the parties to this deed understood the definitional differences between the two terms. The testimony of the attorney who advised Northern with respect to this deed language makes it plain that the parties did not intend that a structure such as a sidewalk would be permitted along the easement.

Considering all of the circumstances surrounding the drafting of this deed, it is clear that the easement would be pointless if the grantor were permitted to construct a sidewalk directly on top of and along the easement itself. Northern acquired this easement as a convenient way to protect its pipeline. We draw the reasonable inference that Northern's intent in acquiring the deed was to serve its own interests. It sought to prevent anyone from constructing anything atop and along its pipeline. We further conclude that the grantor of the deed understood the self-serving motive behind Northern's acquisition of this easement. Northern's current opposition to the proposed sidewalk is entirely consonant with an intent to protect its interests as expressed in the deed. Accordingly, we affirm the judgment.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** "across" is defined as follows: "from one side to the opposite side of: over ... so as to intersect or pass at an angle (as a right angle) to: crosswise of ..." *Webster's Third New International Dictionary* at 20 (1981).

"along" is defined as follows: "over the length of ... in a line parallel with the length or direction of ..." *Id.* at 60.