**George T. BLISS**

**v.**

**Mary G. BLISS.**

Supreme Judicial Court of Maine.

Argued Sept. 17, 1990.
Decided Dec. 5, 1990.

Erland B. Hardy (orally), Thomas Dany-lik, Woodman & Edmands, Biddeford, for plaintiff.

Neil F. Pratt, Gordon C. Ayer (orally), Bernstein, Shur, Sawyer & Nelson, Kennebunk, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

This appeal arises from a dispute as to the basis for the determination of the amount to be paid the defendant, Mary G. Bliss, from the pension benefits received by the plaintiff, George T. Bliss, intended by a provision in the judgment of divorce granted to the parties in the District Court (Biddeford, *Ross, J.*) on May 22, 1979. On April 2, 1987, after a nontestimonial hearing at which no extrinsic evidence was offered or considered by the court on Mary's motion for clarification, the District Court (Biddeford, *Janelle, J.*) determined that the divorce judgment provided that the amount due Mary is to be computed as of the date of George's retirement based on the number of years of marriage and the amount of the actual pension. The court further de-termined that Mary is entitled to share in George's cost of living adjustments retroactive to November 1986, the date of George's retirement. After a hearing on George's appeal filed in the Superior Court (York County, *Brodrick, J.*), the court by a judgment entered on January 11, 1990 determined that Mary is entitled to one-half of the pension benefits existing on May 22, 1979, the date of the divorce judgment, to the exclusion of any adjustments for the cost of living and without regard to the amount of the ultimate pension benefits received by George. The Superior Court vacated the judgment of the District Court, and Mary appeals, contending that the District Court's interpretation was correct as a matter of law. We affirm the judgment of the Superior Court.

The May 22, 1979 divorce judgment discloses no information as to the earnings or earning ability of either of the parties. It provided that throughout the minority of the parties' two children, George pay a weekly amount to Mary for their support, pay all medical, hospital, dental and optical expenses incurred by the children and maintain all existing insurance on his life for their benefit. The marital property was divided giving to each party the personalty already in that party's possession. It ordered the immediate sale of the real estate and the equal division of the net proceeds. Mary was granted sole and exclusive possession of the real property pending the sale and was responsible for the mortgage payments, taxes and insurance on the property during that period. George was ordered to pay Mary $800 a month alimony pending the sale with this amount to be reviewed by the court on the sale of the real property. Mary was directed to pay her own attorney fees following the sale. The judgment further provided:

(g) Upon the retirement of George T. Bliss from employment with the United States Department of State that Mary G. Bliss is entitled to and is to receive one-half of the net retirement annuity benefits accrued to date of this judgment that the said George T. Bliss shall be entitled

to from the Foreign Service Retirement and Disability System.

The judgment contained no finding of the 1979 value of the retirement benefits or any of the other marital property divided between the parties or of their respective contributions to its acquisition or the economic circumstances of either of the parties. The only evidence presented to the District Court on Mary's motion for clarification of paragraph (g) of the divorce judgment was the judgment itself and a stipulation by the parties as to the interpretation of that paragraph by the Foreign Service Retirement System.[1]

■ Property divisions in divorce actions are controlled by 19 M.R.S.A. § 722–A (1981 & Supp.1989), which provides that the court "shall divide the marital property in such proportions as the court deems just" after considering the contribution of each spouse, the value of the property set aside to each spouse, the economic circumstances of each spouse and all other relevant factors. The division of marital property lies within the trial court's discretion as limited by the clear directive of section 722–A. If there is a timely appeal of the divorce judgment, we review the court's decision as to such division only for an abuse of its discretion. *Axtell v. Axtell*, 482 A.2d 1261, 1263 (Me.1984). It is well established that a divorce court has the power at any time to clarify an ambiguous judgment it has previously issued, *Bowley v. Bowley*, 440 A.2d 332, 333 (Me. 1982), but it cannot under the guise of a clarification order make any material change that will modify the property division provided by the original judgment. *Cyr v. Cyr*, 469 A.2d 836, 839 (Me.1983). Whether an ambiguity exists is a question of law for the trial court. When, as here, the meaning of ambiguous language used in a judgment is determined by a consideration of the language in context of the entire judgment, that meaning also becomes a question of law for the court. *See Mac-Donald v. MacDonald*, 582 A.2d 976 (Me. 1990). As did the Superior Court, acting as

an appellate court in this case, we review questions of law de novo and may substitute our judgment for that of the District Court. *See Northern Utilities, Inc. v. South Portland*, 536 A.2d 1116, 1117 (Me. 1988); *Gendron Realty, Inc. v. N.J. Gendron Lumber Co.*, 519 A.2d 723, 725 (Me. 1987); *Belanger v. Belanger*, 240 A.2d 743, 745 (Me.1968).

■ Although standing alone the language of paragraph (g) of the divorce judgment is ambiguous, when read in context with the other provisions of the divorce judgment we conclude the meaning of the judgment is that the marital property division be as of the date of the divorce judgment with the amount to go to each party determined by the value of the property as of that date. Accordingly, we hold that the Superior Court properly determined that the amount of the pension benefits to be paid to Mary is to be determined by the amount of benefits George had accrued as of May 22, 1979, the date of the judgment of divorce, by reason of his employment with the United States Department of State.

The entry is:

Judgment of the Superior Court affirmed.

McKUSICK, C.J., ROBERTS, WATHEN, COLLINS and BRODY, JJ., concurring.

CLIFFORD, Justice, dissenting.

Because in my judgment the Court in its construction of the divorce judgment reaches a result not intended by the divorce court, I respectfully dissent.

The Court construes Mary's share as being limited to one-half of the actual value of the pension as of the date of the divorce. George, however, was not required to pay that value to Mary at the time of the divorce, a requirement that would be more consistent with the Court's construction of paragraph (g). Paragraph (g) grants Mary

1. Mary has been receiving payments from the Foreign Service Retirement System since the date of George's retirement in 1986.

a share of the pension benefits but provides that payment of those benefits be deferred until after George's actual retirement. Moreover, there is no lump sum provision for paying Mary's share. Rather, she is to receive half of what George "*shall* be entitled to." (Emphasis added.) George did not retire until 1986, seven years after the divorce. The retirement benefits available to George include upward adjustments from the 1979 value due to interest and investments as well as higher salaries subsequent to 1979. Rather than evidencing any intent to deprive Mary of the benefit of those increases in the value of the property awarded to her in 1979, the language of paragraph (g) contemplates her sharing the actual benefits payable to George upon his retirement. In reaching what I consider to be an unfair result, the Court ignores not only the plain language of paragraph (g), but also the overall intent of the divorce judgment to treat both parties fairly. I agree with the District Court that by the wording of paragraph (g), the divorce court intended to grant to Mary a fifty percent share of the full pension benefits limited by the ratio that the period of the marriage bears to the total value of the pension.

I would vacate the judgment of the Superior Court and remand for affirmance of the District Court's judgment.