**Leah M. MAXSON f/k/a (Cloutier)**

v.

**Maurice E. CLOUTIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 5, 1992.

Decided June 30, 1992.

Kenneth Altshuler (orally), Mittel, Asen, Eggert & Hunter, Portland, for plaintiff.

Elizabeth Burns (orally), George Glover, Glover & Feldman, Brunswick, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Leah M. Maxson appeals from a Superior Court order (Sagadahoc County, *McKinley, A.R.J.*) reversing a District Court order (Cumberland, *MacDonald, A.R.J.*) granting her motion to enforce a divorce judgment. Maxson argues that the Superior Court erred when it held that the divorce judgment only permitted Maxson to lease rooms in the marital home while she was in residence and that she could not rent the entire home without sharing the rental income with her ex-husband, Maurice Cloutier. Finding no requirement in the divorce decree that Maxson remain in residence while renting rooms in the marital home, we vacate the Superior Court order and remand for entry of judgment affirming District Court.

In 1989, Maxson and Cloutier were divorced in District Court. The property settlement agreement between the parties incorporated into the divorce judgment provided that the marital home was to be sold and that pending its sale, "[Maxson] shall have the right to live in the house from the date of the parties' divorce until the date of sale of said real estate...." The agreement further provided that Maxson was responsible for maintaining the grounds and was responsible for any damage done to the interior of the home. She was to make "good faith effort to accommodate all showings of the house...."

At issue is a provision that gives Maxson "the right to rent rooms and retain the rent proceeds." During the summer of 1990, Maxson moved to Florida and rented the entire home. When Cloutier learned of the lease he demanded half of the rental income. Maxson responded by filing a motion to enforce, maintaining she was entitled to all the rental income. After a non-testimonial hearing, the District Court

granted Maxson's motion to enforce, concluding that the right to rent rooms was not limited by any requirement that she remain in residence.

Cloutier appealed and the Superior Court reversed the District Court decision, holding that under the terms of the agreement Maxson could only rent rooms in the home, not the entire home as a unit, and therefore Cloutier was entitled to half of the rental income. This appeal followed.

 Because the Superior Court acted as an intermediate appellate tribunal, we review the District Court's decision directly as if on initial review. *Bliss v. Bliss*, 583 A.2d 208 (Me.1990). The agreement gave Maxson "the right to rent rooms and retain the rent proceeds." There is no restriction in the divorce decree that can be read as requiring that Maxson remain in residence in order to be entitled to all the rental income received pending the sale of the marital home.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment affirming District Court.

All concurring.