STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss.                               CIVIL ACTION
                                              DOCKET NO: RE-07-122
                                              RAC-Cum-9/21/2007

ELIZABETH FISH, *et al*

                    Plaintiffs,
STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

SEP 21 2007

RECEIVED

         v.                                   **ORDER ON DEFENDANTS'**
                                              **MOTION FOR JUDGMENT**
                                              **ON THE PLEADINGS,**
                                              **DEFENDANTS' MOTION TO**
                                              **DISMISS AND DEFENDANTS'**
THOMAS LIENHARD, TRUSTEE, *et al*             **MOTION TO STRIKE**
                    Defendants.

DONALD L. GARBRECHT
LAW LIBRARY

JAN 15 2008

This matter comes before the Court on Defendants' Motion for Judgment

on the Pleadings pursuant to M.R. Civ. P. 12(c), Defendants' Motion to Dismiss

pursuant to M.R. Civ. P. 12(c)(6) and Defendants' Motion to Strike pursuant to

M.R. Civ. P. 12(f).

## FACTUAL BACKGROUND

The dispute in this case arises out of the language in a series of deeds

regarding property in Sebago, Maine. Neither of the parties are full time

residents in Sebago, Maine.

The Plaintiffs Elizabeth and Jay Fish (the "Fishes") purchased property in

Sebago, Maine pursuant to a deed dated January 2002 (the "Fish Parcel"). The

Defendants Thomas Lienhard and Gail Thompson as Trustees of the Mark

Lienhard Realty Trust (the "Lienhard Trust") own a property adjacent to the

Fishes pursuant to a deed dated March 1993.

Both of the parcels were originally owned by Lester and Leroy

Woods. In 1970, the Woods parcel was subdivided by a deed dated December 1,

1970 (the "1970 Deed"). In the 1970 Deed, the Woods deeded a parcel of land in

1

the Lienhard Trust line of deeds (the "Lienhard Parcel"). The 1970 Deed reserved use of "a certain right of way" to Lester and Leroy Woods (now the Fish Parcel) across the Lienhard Parcel called the Woods Road. It is the legal status of the Woods Road that is at issue in this case. The pertinent clause of the 1970 Deed reads as follows:

> Also excepting and reserving for the use of the grantors, their heirs and assigns, in common with the grantees herein, their heirs and assigns, the right to use a certain right of way or Woods Road, which runs across the premises herein conveyed in a Northeasterly direction from the aforementioned town road to other land of the grantors lying Northerly of the premises herein conveyed.

(See 1970 Deed attached to the Complaint)

The Fishes claim, among other things, that the language of the 1970 Deed conveys to them a fee simple interest in the Woods Road. The Fish Complaint alleges that in August 2006, the Lienhard Trust caused a rock barrier to be constructed across the Woods Road that precludes the Fishes' access to their property by way of the Woods Road. The Lienhard Trust denies the allegation.

The Fish Complaint seeks injunctive and declaratory relief regarding access and ownership of the Woods Road. Pursuant to the ownership claim the Fishes have brought Count IV for Trespass and Count VII for a Real Property Action. The Lienhard Trust has moved for dismissal of the real property claims and has moved to strike the Fishes' request for attorney's fees.

# DISCUSSION

## I. Motion for Judgment on the Pleadings and Motion to Dismiss Counts IV and VII.

### a. Standard of Review.

A "motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim." *Stevens v. Bouchard*, 532 A.2d 1028, 1029 (Me. 1987). The Court must "examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory" and "assume that all factual allegations in the complaint are true." *Id.* at 1030. Because the standard of review is functionally equivalent, the Court will consider the Motion to Dismiss and Motion for Judgment on the Pleadings simultaneously.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

### b. Have the Fishes Set Forth a Real Property Action With Respect to the Parcel of Land Known as the Woods Road?

"The construction of language in an easement deed is a question of law that we independently review." *Fine Line, Inc. v. Blake*, 677 A.2d 1061, 1063 (Me.

1996) (*citing Northern Utils. Inc., v. City of South Portland*, 536 A.2d 1116, 1117 (Me. 1988)). "The scope of an interest in land conveyed by deed is determined solely from the language of the deed, if that language is unambiguous." *Id. (quoting Rancourt v. Town of Glenburn*, 635 A.2d 964, 965 (Me. 1993)). "If the language is ambiguous, a court may consider extrinsic evidence to determine the parties' intent. *Id. (citing Northern Utils., Inc.*, 536 A.2d at 225). A Real Property action cannot be pursued without proof of title. *Rogers v. Biddeford & Saco Coal Co.*, 137 Me. 166, 168, 16 A.2d 131, 132 (1940).

In this case, two chains of title are being considered regarding the scope of interest for each party in the Woods Road. First is the Lienhard Parcel. That parcel was carved out of the Lester and Leroy Woods land in the 1970 Deed. Lester and Leroy Woods retained rights to a certain Woods Road in the 1970 Deed. Again, the language pertinent to the Woods Road in the 1970 Deed reads:

> Also excepting and reserving for the use of the grantors, their heirs and assigns, in common with the grantees herein, their heirs and assigns, the right to use a certain right of way or Woods Road, which runs across the premises herein conveyed in a Northeasterly direction from the aforementioned town road to other land of the grantors lying Northerly of the premises herein conveyed.

(1970 Deed). In 1976 the Lienhard parcel was conveyed to the Banks. The 1970 Deed language regarding the Woods Road was retained. In 1981 the parcel was conveyed to Mark Banks. The Mark Banks deed changed the language regarding the Woods Road to read:

> Also excepting from the above-described premises, a right-of-way previously reserved across a right-of way or Woods Road, to be used in common with others.

4

The next conveyance was in 1993 to the Lienhard Trust. The language regarding the Woods Road in that deed is as follows:

> Excepting from the above described premises the town or public road known as the Hall Road[1] and sofaras the same may cross the above described lot. Also excepting from the above described lot, a right-of-way previously reserved across a woods road to be used in coming with others.

The Fish Parcel and its line of deeds do not contain language regarding the Woods Road. The Fish Parcel remained in the Lester Wood Family until it was conveyed to the Fishes in 2002.

The Fishes claim that the language "excepting and reserving for the use of the grantors. . . " is a phrase "commonly understood" to exclude subject property from a conveyance.[2] The Lienhard Trust counters that the language reserves a "right of use" only to the road and is "at best" an easement. Because it can only possibly be an easement, the Trust argues that no real property claims can lie.

This Court finds the language of the deed unambiguous regarding the intent of the grantors of the 1970 Deed to create common use access via the Woods Road, not a fee simple interest. Therefore, any real property claims are dismissed as a matter of law.

     c. <u>Motion to Dismiss Based on Failure of the Fishes to Join a Certain Glenn Dodge.</u>

The Trust asserts that all claims should be dismissed because Glenn Dodge is a necessary party to the resolution of this dispute and the Fishes have failed to join him as a party. The Trust asserts that Mr. Dodge

---

[1] The Hall Road has been reserved in all the deeds in the Lienhard line of deeds.
[2] No case law is given in support of the assertion.

purchased a piece of the Fish Parcel (the "Dodge Parcel") and that it is the Dodge Parcel that impedes their right of way on the Woods Road. The Fishes deny this claim.

The Court is not convinced that Mr. Dodge is a necessary party to this action and thus denies Defendants' motion to dismiss for failure to join Mr. Dodge.

## II. Motion to Strike

The Trust moves this Court to strike the entire complaint or alternatively those portions seeking attorney's fees and sanction the Fishes pursuant to Rule 11 by ordering them to pay the Trust's attorney's fees. Pursuant to M.R. Civ. P. 12(f), the "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." M.R. Civ. P. 12(f). The Court may impose sanctions pursuant to Rule 11 if "a pleading or motion is signed with intent to defeat the purpose of this rule. . . " M.R. Civ. P. 11(a).

The Trust makes this motion based on Mr. Leete's signature to the Complaint on statements of law, but not on the statements of fact. They further base the motion on an alleged "spurious claim for attorney's fees." The Fishes based their claim for attorney's fees on the trespass action.

The allegations set forth by the Trust do not rise to a sanctionable Rule 11 violation and thus the motion to strike is denied.[3]

---

[3] It should be noted that the Court requested that Mr. Leete amend the Complaint with a signature regarding both statements of law and fact. Mr. Leete complied with this request on September 10, 2007.

**The entry is:**

Defendants' Motion to Dismiss on Counts IV and VII, the Real Property Claims is GRANTED.

Defendants' Motion to Dismiss for failure to Join Glenn Dodge is DENIED.

Defendant's Motion to Strike is DENIED.

DATE: _September 21, 2007_

Roland A. Cole
Justice, Superior Court

7

ROBERT HARK ESQ
PO BOX 9711
PORTLADN ME 04104

D4P

WILLIAM LEETE ESQ
PO BOX 7740
PORTLAND ME 04112

P\r