### PATRICK MORGAN *vs.* MANIS BOYES.

### Cumberland, 1875.—June 6, 1876.

TRESPASS *quare clausum fregit* will not lie in favor of one who has a right of way across a proprietor's land against another for using the way under permission of the proprietor.

Thus: A. and B. owned adjoining lots purchased of the same proprietor who covenanted with A. to open a way on one side of both lots to the public street for A.'s use and then gave B. verbal permission to use it also. A. obstructed B.'s entrance thereto and brought trespass *quare clausum fregit* against B. for removing the obstruction; *held,* that the action would not lie.

ON REPORT from the superior court.

TRESPASS *quare clausum fregit.*

GRANTOR'S LAND.

WAY IN DISPUTE.

A.

Purchased in 1864.

Defendant's land, purchased in 1858.

Plaintiff's land, purchased in 1863.

OAK STREET.

☞ A.  At this point was a gate, which the defendant used to enter upon the way in dispute.  The plaintiff built a fence just inside of it, so as to prevent the defendant from passing through. The defendant removed it, and this removal is the act complained of as a trespass.  The plaintiff claims the right to the exclusive use of the way, denying the defendant's right to enter upon it at all.

*F. O. J. Smith,* for the plaintiff.

*J. C. Cobb & F. M. Ray,* for the defendant.

WALTON, J.  This is an action of trespass *quare clausum fregit.* The only question is whether the plaintiff's possession, or right of possession, is such as will support the action.   We think it is not. He has only a right of way over the *locus in quo.*  Such a right does not carry with it a right to the exclusive possession of the land.   The owner may still use it for any purpose which does not materially impair, nor unreasonably interfere with its use as a way. He may use it as a way himself, or permit others so to use it.  The defendant had such permission so to use it.   His entry was not therefore a trespass.  Certainly it was not a breach of the plaintiff's close.   It in no way interfered with the plaintiff's use of it as a way.   Nor was the removal of the obstruction, placed there by the plaintiff for the express purpose of preventing the defendant's use of the way, a trespass.   The obstruction was a nuisance, and the defendant had a right to remove it.

*Judgment for defendant.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.