**ENGLISHMANS BAY COMPANY**

v.

**Hazel Brill JACKSON.**

Supreme Judicial Court of Maine.

July 8, 1975.

Rudman, Rudman & Carter, Paul L. Rudman, Bangor, for plaintiff.

Alan D. Graves, Machias, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

WERNICK, Justice.

Defendant Hazel Brill Jackson has appealed from a judgment entered in the Superior Court (Washington County) adjudicating that plaintiff Englishmans Bay Company is the owner of a perpetual right of way across the land of defendant

and further delineating the nature and extent of the right of way. Defendant assigns three grounds for reversal of the Superior Court judgment: (1) error in the location of the right of way; (2) error in the Court's holding that the right of way was granted in fee simple and appurtenant to the dominant estate; and (3) error in the Court's determination that the use of the right of way may be by vehicles as well as by walking on foot.

We deny the appeal.

On November 5, 1953 defendant conveyed a part of a sizable tract of land owned by her in the Town of Cutler, Maine to

> "Benjamin R. Crisler and Marguerite Crisler, as joint tenants, and not as tenants in common, to them and their heirs and assigns, and the heirs and assigns of the survivor of them forever."

Included in the deed was the further language:

> "Granting also to the grantees herein, in joint tenancy as aforesaid, a right-of-way over land of the grantor herein in the approximate location of the old road to Flaggtown."

On July 25, 1967 the Crislers conveyed the aforesaid property to The First Peninsula Company. The deed explicitly purported to convey the right of way in language reading:

> "Granting, also, to the . . . grantee, its successors and assigns, forever, a right of way for all purposes of a way leading over land of Hazel Brill Jackson in the approximate location of the old road to Flaggtown so-called which said right of way by agreement between the grantors and . . . Hazel Brill Jackson was understood to be of sufficient width for convenient use by motor vehicles and was contemplated to include . . . any utility lines necessary for use by the grantors at such time as they might develop the conveyed premises."

As the result of a merger, plaintiff Englishmans Bay Company subsequently succeeded to all the legal interests of The First Peninsula Company. On September 14, 1973 plaintiff initiated the present civil action in which it sought a declaratory judgment that it owns as

> "appurtenant to the land described in the deed from Benjamin R. Crisler, et ux to the First Peninsula Co. . . . a free, open and unobstructed perpetual right of way for all purposes of a way over and across the old Flaggtown Road . . . ."

The complaint described the location of the claimed right of way more particularly by metes, bounds and courses. The complaint asked the further adjudication that the right of way encompasses

> " . . . the right to enter . . . with the necessary men and equipment for the purpose of constructing, maintaining and repairing roads over said fifty foot wide right of way and for the purpose of the erecting, constructing, installing, maintaining and repairing said electrical, telephone and other utility lines either on poles or underground; . . . ."

Defendant answered the complaint and filed a counterclaim seeking nullification of her deed to the Crislers on the ground that the Crislers had procured the deed by fraud.

The case was heard by a Justice of the Superior Court without a jury. The Justice dismissed defendant's counterclaim with prejudice. Defendant's appeal does not attack the correctness of this adjudication.

As to the claim of plaintiff, the presiding Justice ruled: (1) plaintiff owned a right of way located as delineated in the testimony given by Vladek Kolman, a surveyor who had been called as a witness by the plaintiff; (2) motor vehicle traffic on the right of way was authorized; and

(3) the right of way was not merely personal to the Crislers, as the original grantees of the defendant, but was a right of way conveyed in fee and appurtenant to the dominant estate which had been conveyed.

We find no merit in defendant's first contention on appeal that the presiding Justice wrongly located the old Flaggtown Road (in accordance with which the location of the right of way was fixed). The situs of the defunct Flaggtown Road was an issue of fact concerning which the surveyor, Vladek Kolman, gave testimony which was credible and substantial. Insofar, therefore, as the presiding Justice saw fit to base his finding of fact on Kolman's testimony, it is beyond the appropriate province of an appellate tribunal to interfere with it.

As to defendant's contention that the right of way was to be limited to pedestrian use, both plaintiff and defendant offered evidence on this point. Although defendant testified that it was her subjective intention to give the Crislers only the right to walk on foot across her land, the presiding Justice was not bound to accept this testimony as determinative. The issue for decision by the presiding Justice was the intention of the parties as it had been objectively manifested. Because the contemplated use of the right of way was not expressly delineated in the deed, the presiding Justice correctly concluded that he was to ascertain the objectively manifested intention of the parties in light of circumstances in existence recently prior to the execution of the conveyance. Evidence revealed that for a period of years recently prior to the grant by defendant, the roadway had been used for woods-cutting operations. Relying upon this evidence, the presiding Justice concluded that when the right of way was granted by defendant to

the Crislers, it was in the contemplation of the parties that travel upon it could be by motor vehicles as well as by foot.[1] Since this conclusion of the presiding Justice was amply supported by admissible and credible evidence, an appellate tribunal will not disturb it.

The remaining issue is whether the presiding Justice should be reversed in his decision that the right of way was granted in fee and appurtenant to the dominant estate conveyed.

The presiding Justice arrived at this conclusion by holding the language of the grant clear and unambiguous and refusing to admit explanatory evidence tendered by defendant. Although defendant acknowledges that the parol evidence rule prohibits the admissibility of evidence offered to vary clear and unambiguous terms of a written contract, defendant claims that the language of the right-of-way grant to the Crislers is ambiguous as to the issue whether the right of way was to be personal to the Crislers.

We reject defendant's position.

The language that the grant of the right of way is ". . . in joint tenancy as aforesaid . . ." is a clear reference back to that wording of the deed which conveyed the dominant estate to the Crislers

". . . as joint tenants, and not as tenants in common, to them and their heirs and assigns, and the heirs and assigns of the survivor of them forever."

This is language clear and precise, indeed language of art, which, as expressly incorporated by reference into the grant of the right of way, discloses without ambiguity that defendant had granted to the Crislers a right of way as an easement in fee simple. The presiding Justice was thus

---

1. The presiding Justice declined to authorize use of the right of way for the erecting, maintenance and repair of utility poles or cables as prayed for in the complaint of plaintiff.

correct in his conclusion that the right of way was not merely personal to the Crislers.

The entry is:

*Appeal denied.*

POMEROY, J., did not sit.

All Justices concurring.