**Sally Ann RANCOURT**

v.

**TOWN OF GLENBURN, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1993.
Decided Dec. 28, 1993.

Joel A. Dearborn (orally), Ferris, Dearborn & Willey, Brewer, for plaintiff.

Robert E. Miller (orally), Spencer, Zmistowski & Miller, Old Town, Thomas Russell (orally), Mitchell & Stearns, Bangor, for defendants.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

■ Sally Ann Rancourt appeals from a judgment entered in the Superior Court (Pe-

nobscot County, *Mead, J.*) dismissing for lack of standing her appeal from a decision of the Glenburn Board of Appeals. She contends that "party," as used in 30–A M.R.S.A. § 2691(3)(G) (Pamph.1992), should include a permit holder whose permit has been revoked by a zoning board of appeals, regardless whether that person appeared or otherwise participated before the board. Because a permit holder is an essential party to a complaint challenging either the issuance or revocation of a permit, we vacate the dismissal of Rancourt's appeal, but direct the entry of a judgment against her on the merits.

We have not previously addressed the question whether a permit holder who does not appear, personally or through counsel, or otherwise participate in a proceeding before a zoning board of appeals has standing to challenge in the Superior Court the board's revocation of the permit. Our interpretation of "party" as used in 30–A M.R.S.A. § 2691(3)(G) has arisen only in the context of litigation initiated by persons other than the permittee, *e.g., Singal v. City of Bangor,* 440 A.2d 1048, 1050–51 (Me.1982), or by an applicant who participated in the board's hearing, *e.g., New England Herald Dev. Group v. Town of Falmouth,* 521 A.2d 693, 695–96 (Me.1987). We conclude, however, that because a permit holder is an essential party to a complaint challenging either the issuance or revocation of a permit, such a permit holder necessarily has standing to seek judicial review of the permit's revocation, despite the failure to participate before the board. *See Centamore v. Commissioner, Dep't of Human Services,* 634 A.2d 950 (Me.1993).

■ We recognize that our decision today might be interpreted as encouraging permittees not to participate at the municipal level. On the contrary, anyone who bothers to obtain a permit should have sufficient self-interest to defend it. Moreover, the holder of a revoked permit who seeks judicial review will be limited to the issues actually considered by the board. *Penobscot Area Hous. Dev. Corp. v. City of Brewer,* 434 A.2d 14, 20 n. 7 (Me.1981). We are confident that occasions when the permit holder fails to appear before the board and yet subsequently seeks judicial review will be exceedingly rare.

■ Reaching the merits, we review the board's decision directly for abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. *Gorham v. Town of Cape Elizabeth,* 625 A.2d 898, 903 (Me.1993). As the party bearing the burden of proof before the board, Rancourt must demonstrate that the evidence compelled the board to find that her application met the requirements of the law. *Tompkins v. City of Presque Isle,* 571 A.2d 235, 236 (Me.1990). She has failed to meet that burden.

In order to be eligible to apply for a permit, one must have the type of relationship to a site "that gives ... a legally cognizable expectation of having the power to use that site in the ways that would be authorized by the permit or license [sought]." *Murray v. Town of Lincolnville,* 462 A.2d 40, 43 (Me.1983). Here the board found that Rancourt did not have a "sufficient legal interest" in a right-of-way leading to Pushaw Lake to entitle her to apply for a permit to place a dock on the right-of-way. Two clauses in Rancourt's deed granted a right of "ingress and egress" to Pushaw Lake, as well as "any and all other rights, easements, privileges and appurtenances" attached to her property. The board interpreted those clauses in light of the original developer's site plan.

■ The scope of an interest in land conveyed by deed is determined solely from the language of the deed, if that language is unambiguous. *Badger v. Hill,* 404 A.2d 222, 225 (Me.1979). The first clause in Rancourt's deed does not indicate whether "ingress and egress" includes the right to place a dock at the end of the right-of-way. When the purposes of an express easement are not specifically stated, a court must "ascertain the objectively manifested intention of the parties in light of circumstances in existence recently prior to the execution of the conveyance." *Englishmans Bay Co. v. Jackson,* 340 A.2d 198, 200 (Me.1975).

The only evidence of intent relates to that of the developer in 1936. At that time, the site plan showed five rights-of-way, ranging in width from twenty to twenty-five feet, that provided access to the lake for more than 60

non-shorefront property owners. Rancourt has pointed to no evidence to suggest that the developer intended to allow each of those owners to place a dock on the rights-of-way. On the contrary, testimony presented to the board revealed that Rancourt's dock alone, which she placed on the right-of-way before her permit became final, interfered with other property owners' access to the lake. *See Morgan v. Boyes*, 65 Me. 124, 125 (1876) (owner of right-of-way may not "materially impair, nor unreasonably interfere with its use as a way").

The board correctly determined that Rancourt did not establish a sufficient legal interest in the right-of-way to entitle her to apply for a permit to place a dock thereon. Accordingly, the decision to revoke her permit should be affirmed.

The entry is:

Judgment of dismissal vacated.

Remanded for entry of a judgment affirming the decision of the Glenburn Board of Appeals.

All concurring.