STATE OF MAINE
Kennebec, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2013 JUN 25 P 2: 11

MICHELE LUMBERT
CLERK OF COURTS

SUPERIOR COURT
RE-12-26

JON - KEN-6/2013

PATRICK TULLY, et al.,

        Plaintiffs,     )
                        )
                        )
v.                      )
                        )
RICHARD P. FRAUTTEN, et al.,   )
                        )
        Defendants.     )

JUDGMENT

On June 18, 2013, this action came on for a jury-waived trial in the Kennebec

County Superior Court. By their Complaint dated February 17, 2012, Plaintiffs Patrick

and Dorothy Tully (the "Tullys") brought this action against Defendants Richard P.

Frautten and Sara L. Frautten (the "Frauttens"), Andrea Dubois ("Dubois") and Firle

Stinchfield ("Stinchfield") seeking a declaratory judgment and injunctive relief, as well

as damages for trespass relating to the use of an easement area encumbering the property

of the Tullys on the shore of Lake Maranacook in Winthrop, Maine. Although the Tullys

joined Dubois and Stinchfield as defendants in this action, their collective interests are

aligned with one another against those of the Frauttens.

The Frauttens filed an Answer and Counterclaim against the Tullys and also filed

a Cross-Claim against Dubois and Stinchfield. Dubois and Stinchfield filed timely

Answers to the Complaint and to the Cross-Claim of the Frauttens. Stinchfield also filed

a Cross-Claim against the Frauttens, in response to which the Frauttens filed a timely

Answer. As noted below, the claims pleaded by the parties were withdrawn and replaced

by a pre-trial stipulation of the issues presented for resolution by the Court at trial. The stipulation identifying the trial issues sought final declaratory relief concerning the scope and uses of the easement permissible under the original grants in light of all surrounding circumstances and also sought final declaratory relief concerning the use of the easement area by invitees of the parties. The parties further stipulated that there were no claims for prescription or adverse possession. This Judgment fully adjudicates this action and resolves all pending claims between the parties as they stipulated prior to trial.

The dispute in this action centers upon the uses of the easement area encumbering the Tullys' property on Lake Maranacook benefiting the non-shorefront properties of Dubois, Stinchfield and the Frauttens. The Frauttens have installed a dock at the terminus of the right-of-way on the Tully property on the shore of the lake, installed a mooring and have left articles of personal property on the easement area and in the lake tied up to or near to the dock, and sought to prevent the Tullys, Dubois and Stinchfield from utilizing the dock. The Frauttens claim that the easement rights appurtenant to their property, as granted, are of a scope and nature sufficient to allow them to take these actions. In response to this conduct, the Tullys revoked any permission from the Tullys or their predecessors for the Frauttens to maintain the dock, mooring and personal property at the terminus of the easement. Dubois and Stinchfield have likewise objected to this conduct and to the obstruction of the easement area by the Frauttens' leaving their dock, boat, jet skis, furniture and other personal effects in the area. The Frauttens acknowledge that there was no dock in place when they purchased their property in 1988

and that they installed the dock later only with the oral permission of the then-owner of the Tully property.

The record reveals that the Tullys acquired their property on Lake Maranacook in Winthrop, Maine by warranty deed of Gordon P. Parks and Jeanne C. Parks dated November 15, 2001 and recorded in the Kennebec County Registry of Deeds in Book 6718, Page 37 (Joint Trial Exhibit No. 3), as affected by the Quitclaim Release Deed of Polly H. Cobb, Trustee of the Polly H. Cobb Revokable [sic] Trust to the Tullys dated June 30, 2003 recorded in the Registry in Book 7487, Page 205 (Joint Trial Exhibit No. 4). The Tullys' property is depicted on the Town of Winthrop Tax Map as Lot No. 6 in the area (Joint Trial Exhibit No. 32) and is encumbered by a "right-of-way reserved by Polly H. Cobb Trustee, in her bond for deed of July 3, 1998 along the north boundary of the above parcel and use of same by those having easements. Said right-of-way is 20 feet on the lake and tapers back to 10 feet on the road." (Joint Trial Exhibit No. 3). The road referred to in this deed is Memorial Drive. (Joint Trial Exhibit No. 32).

The properties of the Frauttens, Dubois and Stinchfield are "those having easements" referred to in the deed to the Tullys from the Parkses dated November 15, 2001 referred to above. The Frauttens, Dubois and Stinchfield derive their titles, and their associated easement rights over the Tully property, under Kenneth A. Cobb and Polly H. Cobb, as their common grantors.[1] The present Dubois property, which is identified as Lot 22 on the Town of Winthrop Tax Map in the area (Joint Trial Exhibit No. 32), was the first conveyance made out from the common grantors and its chain-of-

---

[1] Kenneth A. Cobb is deceased. Polly H. Cobb testified under subpoena at trial.

title to Dubois is as follows: (a) Warranty Deed of Kenneth A. Cobb and Polly H. Cobb to Harlan C. Dolloff and Ruth F. Dolloff dated September 8, 1965 and recorded in the Kennebec County Registry of Deeds in Book 1395, Page 225 (Joint Trial Exhibit No. 5); (b) Warranty Deed from Harlan C. Dolloff and Ruth F. Dolloff to Kenneth L. Gillespie, Jr. and Elizabeth Gillespie dated October 6, 1969 and recorded in the Registry in Book 3326, Page 269 (Joint Trial Exhibit No. 6); (c) Warranty Deed from Elizabeth Gillespie to Gerald F. King and Deborah A. King dated July 20, 1991 and recorded in the Registry in Book 3947, Page 181 (Joint Trial Exhibit No. 7); (d) Warranty Deed from Gerald F. King and Deborah A. King to Stephen J. Lowit dated January 29, 2001 and recorded in the Registry in Book 6392, Page 319 (Joint Trial Exhibit No. 8); (e) Warranty Deed from Stephen J. Lowit to Andrea J. Dubois and Denis M. Poulin dated July 19, 2002 and recorded in the Registry in Book 6992, Page 177 (Joint Trial Exhibit No. 9); and (f) Warranty Deed from Denis N. Poulin to Andrea J. Dubois dated December 26, 2006 and recorded in the Registry in Book 9294, Page 277 (Joint Trial Exhibit No. 10). In each of the deeds in the Dubois chain-of-title, the following easement rights over the Tully property were granted:

> Together with a right of way over the property of Kenneth A. Cobb and Polly H. Cobb along the westerly side of (Jersey Shores), the property now or formerly of Harlan C. Dolloff and Ruth F. Dolloff, from memorial Drive to Lake Maranacook, said right of way to be 10 feet wide at Memorial Drive and 20 feet wide at the Lake; but reserving unto Harlan C. Dolloff and Ruth F. Dolloff, their heirs and assigns, their right in common with the

Grantors, their heirs and assigns, to travel along and over said right of way.[2]

The present Stinchfield property, which is identified as Lot 23 on the Town of Winthrop Tax Map in the area (Joint Trial Exhibit No. 32), was the second conveyance made out from the common grantors and its chain-of-title to Stinchfield is as follows: (a) Warranty Deed of Kenneth H. Cobb and Polly H. Cobb to Mildred A. Lucas dated May 3, 1966 recorded in the Registry in Book 1417, Page 386 (Joint Trial Exhibit No. 11); (b) Warranty Deed of Mildred A. Lucas to Franklin R. Jones dated May 17, 1977 recorded in the Registry in Book 1999, Page 31 (Joint Trial Exhibit No. 12); (c) Warranty Deed of Franklin R. Jones to Charles L. AuCoin and Phyllis H. AuCoin dated November 2, 1981 recorded in the Registry in Book 2433, Page 164 (Joint Trial Exhibit No. 13); (d) Quitclaim Deed with Covenant of Charles L. AuCoin and Phyllis H. AuCoin to Kathleen E. Brown dated December 23, 2004 recorded in the Registry in Book 8258, Page 14 (Joint Trial Exhibit No. 14); (e) Warranty Deed of Kathleen E. Brown to Michelle G. Browne dated May 6, 2005 recorded in the Registry in Book a 404, Page 129 (Joint Trial Exhibit No. 15); and (f) Warranty Deed of Michelle G. Browne to Firle Stinchfield dated February 12, 2010 recorded in the Registry in Book 10342, Page 19. In each of the deeds in the Stinchfield chain-of-title, the following easement rights over the Tully property were granted:

> Together with a Right-of-Way over the easterly edge of Kenneth
> A. Cobb and Polly H. Cobb property from Memorial Drive to the
> shore of Lake Maranacook; said right-of-way being along the

---

[2] This easement language is similar to that contained in the Stinchfield chain-of-title but does not include the additional language contained in the Stinchfield chain as follows: "Grantee can maintain a water pipe from the lake edge of Right-of-Way, swim and tie up a boat at lake end of said way."

westerly side of Jersey Shores being 10 feet wide at Memorial
Drive and 20 feet wide at the lake. Grantees can maintain a
water pipe from the lake edge of right-of-way, swim and tie up a
boat at lake end of said way.

The present Frautten property, which is identified as Lot 26 on the Town of

Winthrop Tax Map 6 in the area (Joint Trial Exhibit No. 32), was the third conveyance

made out from the common grantors and its chain-of-title to the Frauttens is as follows:

(a) Warranty Deed from Kenneth A. Cobb and Polly H. Cobb to James William McLean,

Jr. and Susan Emily McLean dated June 6, 1966 recorded in the Kennebec County

Registry of Deeds in Book 1447, Page 363 (Joint Trial Exhibit No. 17); (b) Warranty

Deed from James William McLean, Jr. and Susan Emily McLean to James D. McColl

and Nancy L. McColl dated August 28, 1972 and recorded in the Registry and Book

1594, Page 438 (Joint Trial Exhibit No. 18); (c) Warranty Deed from James D. McColl

and Nancy L. McColl to Douglas Phillips and Susan Phillips recorded in the care

Registry on November 24, 1987 in Book 3271, Page 79 (Joint Trial Exhibit No. 19); and

(d) Warranty Deed from Douglas Phillips and Susan Phillips to Richard P. Frautten and

Sara L. Frautten dated May 27, 1988 and recorded in the Registry in Book 3355, Page

216 (Joint Trial Exhibit No. 20). In each of the deeds in the Frautten chain-of-title, the

following easement rights over the Tully property were granted:

Together with a Right-of-Way over the Easterly edge of Kenneth
A. and Polly H. Cobb property from Memorial Drive to the shore
of Lake Maranacook; said right of way being along the westerly
side of (Jersey Shores) being ten (10) feet wide at Memorial
Drive and twenty (20) feet wide at the lake.[3]

---

[3] This easement language is essentially identical to that contained in the Stinchfield chain-of-title but does
not include the additional language contained in the Stinchfield chain as follows: "Grantees can maintain a water
pipe from the lake edge of right-of-way, swim and tie up a boat at lake end of said way."

## STIPULATED TRIAL ISSUES

Against this background, the parties presented the following issues for resolution

at trial:

1.    Based on the parties' deeds and the circumstances surrounding the granting of the deeds, are the Tullys, Dubois and Stinchfield entitled to a declaratory judgment and permanent injunction prohibiting the Frauttens and their successors-in-title from maintaining a dock, a boat, jet skis and other items of personal property in the waters of Lake Maranacook off the Tully property at the terminus of the easement area in dispute in this action and further prohibiting the Frauttens and their successors-in-title from leaving the dock, boat and their other personal effects (including jets skis, lawn furniture and similar items) on the Tully property within the easement area?

2.    Based on the parties' deeds and the circumstances surrounding the granting of the deeds, are the Frauttens entitled to a declaratory judgment and permanent injunction against the Tullys, Dubois and Stinchfield and their successors-in-title from allowing the Frauttens and their successors-in-title to maintain a dock, a boat, jet skis and other items of personal property in the waters of Lake Maranacook off the Tully property at the terminus of the easement area in dispute in this action and further allowing the Frauttens and their successors-in-title to leave the dock, boat and their other personal effects (including jets skis, lawn furniture and similar items) on the Tully property within the easement area?

3.    The parties request that the Court declare the circumstances under which they may have invitees, if at all, on the easement area.

## SCOPE AND USES OF THE EASEMENT AREA

As detailed further below, the Court is persuaded by all of the testimony and

evidence[4] that the true scope and permitted uses on the easement over the Tully property

are as generally advocated by Tullys, Dubois and Stinchfield and contrary to the position

advanced by the Frauttens at trial. A deed providing a party with an easement right for

"ingress and egress" to a lake does not unambiguously establish whether the party had

---

[4]    The record consists of Joint Trial Exhibits 1 through 64 admitted into evidence by agreement of the parties at the commencement of trial, as well as the testimony of Polly H. Cobb (given under subpoena), Patrick Tully, Dorothy Tully, Firle Stinchfield, Andrea Dubois and Richard P. Frautten.

"the right to place a dock at the end of the right-of-way." *Rancourt v. Town of Glenburn*, 635 A.2d 964, 965 (Me. 1993). The Court, therefore, is required to "ascertain the objectively manifested intention of the parties in light of circumstances in existence recently prior to the execution of the conveyance" to resolve the ambiguity. *Id.* (quotation marks omitted). In *Rancourt*, the Law Court noted that "[t]he only evidence of intent relates to that of the developer" who had laid out a site plan providing rights-of-way, similar to the right-of-way held by the individual who had installed a dock, for a large group of property owners. *Id.* at 965-66. Given the inference that it was unlikely the grantor intended to allow such a large group of property owners to all install a dock at the terminus of the right-of-way, the Law Court found that such a right did not exist.

In contrast, in a case in which ambiguous right-of-way language was held to include the right to construct a dock, the plaintiff seeking the right to do so introduced evidence from his

> predecessor in title . . . [to the effect that] defendant's predecessor in title, had granted [the plaintiff] and two others a right-of-way across defendant's land to the York River. He related that agents of the grantor Scotland Shores made a tour, together with the grantees, of the servient estate (now owned by defendant Hill). According to Leighton, this tour had a specific objective, which "was to determine exactly where that footpath right-of-way would end so that one of the three (grantees) or all three . . . could if they wished construct a pier at some point prior to the end of the right-of-way . . . ."

*Badger v. Hill*, 404 A.2d 222, 226 (Me. 1979). It was this testimony which the Law Court found sufficient to uphold a finding of a right to construct a dock at the terminus of the right-of-way.

With these principles in mind, the Court is fully persuaded based on all of the evidence that, as in *Rancourt*, the Cobbs as common grantors did not intend to allow each of the rear property owners to install a dock and mooring at the terminus of the right-of-way at the lake. The Frauttens have acknowledged as much by virtue of Mr. Frautten's very candid testimony that he only installed the dock with the oral permission of the then-owner of the Tully property. It is undisputed the Tullys, as the present owners of the Tully parcel, have revoked that permission. The Court also credits the testimony of the Tullys, Dubois and Stinchfield that their rights in the easement area have been impeded by the Frauttens' conduct in locating their dock, mooring and other personal effects (including jets skis, lawn furniture and similar items) on the Tully property at the end of the easement area.

Accordingly, the Court hereby enters a declaratory judgment in favor of the Tullys, Dubois and Stinchfield against the Frauttens as follows:

1.     The Court declares that the Frauttens have no right by virtue of their easement or otherwise to maintain a dock, or a float or a mooring of any kind at or near the terminus of the easement encumbering the Tully property against Lake Maranacook or in the lake in front of the Tully property.

2.     The Court further declares, subject to the rights of Stinchfield set forth below, that none of the parties or their successors-in-interest may leave personal property within the easement area or in the adjacent waters of the lake. These items of personal property include the dock, jet skis, boats, chairs, related furniture and planters and like personal effects. All such items of personal property may be utilized only on a daily basis within the easement area by the Frauttens, Dubois and Stinchfield and their invitees (as addressed below), and their respective heirs and assigns, when personally utilizing the easement area for recreational purposes or for gaining access to and from Lake Maranacook, in all cases such as not to interfere unreasonably with the access and recreational uses the parties or their heirs and assigns.

3. The Court further declares that Stinchfield, her heirs and assigns, shall have the right appurtenant to the Stinchfield property to maintain a water pipe from the lake edge of easement area, to swim and tie up a small fishing boat with a small motor at lake end of the right-of way over the Tully property in dispute in this action.

4. The Court further declares that all parties, and their respective heirs and assigns, shall have the right appurtenant to their properties (in the cases of the Frauttens, Dubois and Stinchfield, as easements over the Tully property, and in the case of the Tullys, as fee owners of the Tully property) to allow a reasonable number of their family members and invitees to utilize the easement area as described in Paragraph 2 above for recreational purposes or for gaining access to and from Lake Maranacook, in all cases such as not to interfere unreasonably with the access and recreational uses of the parties or their heirs and assigns.

5. This declaratory judgment disposes of this action in full. The Court does not enter injunctive relief at this time nor does it reserve jurisdiction to do so. The Court expects that the parties, and their respective heirs and assigns, will conform their conduct to the terms and conditions of this declaratory judgment.

6. Pursuant to the provisions of Rule 79(a) of the Maine Rules of Civil Procedure, the Clerk is hereby directed to incorporate the foregoing Judgment on the civil docket in this action by reference. So ordered.

Dated: June 26, 2013

John C. Nivison, Justice, Superior Court

PATRICK TULLY  - PLAINTIFF
11 HILLIS AVENUE
WAKEFIELD MA 01880-3909
Attorney for: PATRICK TULLY
KAREN BURKE  - RETAINED 02/29/2012
LAW OFFICE KAREN BURKE
PO BOX 316
ONE GREEN ST, SUITE ONE
WINTHROP ME 04364


DOROTHY TULLY  - PLAINTIFF
11 HILLIS AVENUE
WAKEFIELD MA 01880-3909
Attorney for: DOROTHY TULLY
KAREN BURKE  - RETAINED 02/29/2012
LAW OFFICE KAREN BURKE
PO BOX 316
ONE GREEN ST, SUITE ONE
WINTHROP ME 04364



vs
RICHARD P FRAUTTEN  - DEFENDANT
1011 MEMORIAL DRIVE
WINTHROP ME 04364
Attorney for: RICHARD P FRAUTTEN
KEVIN P SULLIVAN  - RETAINED
VERITAS LAW OFFICES PC
72 WINTHROP STREET

AUGUSTA ME 04330

SARAH FRAUTTEN  - DEFENDANT
1011 MEMORIAL DRIVE
WINTHROP ME 04364
Attorney for: SARAH FRAUTTEN
KEVIN P SULLIVAN  - RETAINED
VERITAS LAW OFFICES PC
72 WINTHROP STREET

AUGUSTA ME 04330

ANDREA DUBOIS  - DEFENDANT
1001 MEMORAIL DRIVE
WINTHROP ME 04364
Attorney for: ANDREA DUBOIS
SETH ANDREW GOODALL  - RETAINED
DYER GOODALL PA
295 WATER ST SUITE 222

AUGUSTA ME 04330

FIRLE STINCHFIELD  - DEFENDANT
MEMORIAL DRIVE
WINTHROP ME 04364
Attorney for: FIRLE STINCHFIELD

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-RE-2012-00026


**DOCKET RECORD**

PAUL F DRISCOLL  - RETAINED
NORMAN HANSON & DETROY LLC
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600

Attorney for: FIRLE STINCHFIELD
DAVID GOLDMAN  - RETAINED
NORMAN HANSON & DETROY LLC
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600

Attorney for: FIRLE STINCHFIELD
DANIEL CUMMINGS  - RETAINED 01/11/2013
NORMAN HANSON & DETROY LLC
415 CONGRESS STREET
PO BOX 4600
PORTLAND ME 04112-4600


Filing Document: COMPLAINT                    Minor Case Type: EASEMENTS
Filing Date: 02/29/2012

## Docket Events:

03/05/2012 FILING DOCUMENT - COMPLAINT FILED ON 02/29/2012

03/05/2012 Party(s):  PATRICK TULLY
          ATTORNEY - RETAINED ENTERED ON 02/29/2012
          Plaintiff's Attorney: KAREN BURKE

03/05/2012 Party(s):  DOROTHY TULLY
          ATTORNEY - RETAINED ENTERED ON 02/29/2012
          Plaintiff's Attorney: KAREN BURKE

03/09/2012 Party(s):  SARAH FRAUTTEN
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 02/09/2012
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON RICHARD FRAUTTEN ON BEHALF OF SARAH
          FRAUTTEN

03/09/2012 Party(s):  ANDREA DUBOIS
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 02/29/2012
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON ANDREA DOBOIS

03/09/2012 Party(s):  RICHARD P FRAUTTEN
          SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 02/29/2012
          ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON RICHARD FRAUTTEN

03/19/2012 Party(s):  RICHARD P FRAUTTEN,SARAH FRAUTTEN
          LETTER - FROM PARTY FILED ON 03/16/2012
          ENTERING APPEARANCE

03/19/2012 Party(s):  RICHARD P FRAUTTEN
          ATTORNEY - RETAINED ENTERED ON 03/16/2012